UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SAMUEL J. OPARA,, | ) | CASE NO. 4:14 CV 0827 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| N.E.O.C.C. WARDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* prisoner Samuel J. Opara filed the above-captioned civil action against Northeast Ohio Correctional Center (N.E.O.C.C.) Warden Michael Pugh and the Director of the Bureau of Prisons Charles Samuel. Mr. Opara, who is incarcerated at N.E.O.C.C. in Youngstown, Ohio, seeks immediate release from confinement. The complaint, captioned "Motion for Preliminary Injunction and Temporary Restraining Order pursuant to Federal Civil Rule 65," also requests the defendants be enjoined from transferring Mr. Opara during the pendency of this matter. For the reasons set forth below, the complaint is dismissed.

*Background*

A sealed indictment was issued in the United States District Court for the Northern District of Indiana against Mr. Opara on April 15, 1998. *See United States v. Opara*, No. 2:98cr47 (N.D.

Ind. 1998)(Lozano, J.)   On August 18, 1998, the indictment was unsealed and Mr. Opara was arraigned the same date and entered a plea of not guilty.

A superceding indictment was issued against Mr. Opara on August 21, 1998. Ten days later, he was arraigned on the superceding charges and pleaded not guilty. On September 3, 1998, a jury convicted Mr. Opara on all six counts of the superceding indictment. Judge Lozano sentenced him to 240 months on Count ls, and 120 months on each of Counts 2s-6s, to be served consecutive to Count ls, for a total term of 360 months. (Doc. No. 1-3 at 2). A Judgment and Commitment (J&C) was issued on September 1, 2000 setting forth the details of his sentence and supervised release term. The United States Attorney also requested leave of court to dismiss the original indictment pursuant to Federal Criminal Rule 48(a). Leave was granted on September 1, 2000. On the same date, Mr. Opara filed a Notice of Appeal to the Seventh Circuit Court of Appeals, which affirmed the district court's judgment on October 23, 2001.[1]

Fourteen years after sentencing, Mr. Opara now argues the J&C is void. He claims, without factual or legal support, that the superceding indictment was simply a Criminal Rule 7(e)(f) "modification" of the original indictment. While he acknowledges the government added "a criminal forfeiture allegation" to the superceding indictment, Mr. Opara believes there are "no material differences between the two indictments."  (Doc. No. 1 at 3.)   As such, he argues the original indictment and superceding indictment are the same document. Based on this logic, Mr. Opara claims the government's dismissal of the original indictment effectively dismissed the charges from the superceding indictment. From this, he concludes the J&C "was not entered against the Plaintiff

---

[1] On January 7, 2003, Mr. Obara filed a Motion to Vacate pursuant tot 28 U.S.C. §2255. *See Obara v. United States*, No. 2:03CV0009 (N.D. Ind.)  Judge Lozano denied the motion and dismissed the case with prejudice on January 10, 2005.

in accordance with the law and Criminal Rule of Procedure 32(b)(1), 55 and Federal Rules of Civil Procedure 58 and 79(a)." (Doc. No. 1 at 4.)

Contrary to entries on his criminal case docket, Mr. Opara believes the J&C provided to the United States Marshal on September 19, 2000 was "before the dismissal of the charges and termination of the case."[2] (Doc. No. 1 at 4.) Without explaining the significance of these dates, he concludes the J&C was not "executed by the United States Marshal in accordance with 18 U.S.C. §3621(c)." (Doc. No. 1 at 4.) Mr. Opara concludes it is unconstitutional to enforce this "void" judgment against him and believes injunctive relief is warranted to support his efforts to argue his case.

Without providing any relevant case law, Mr. Opara cites numerous civil cases in the Supreme Court and Sixth Circuit to argue he was denied the right to due process. Specifically, he claims that once the original indictment was dismissed, the "charges were dropped and the case terminated," all of his avenues for relief were foreclosed. Because Mr. Opara believes the dismissal of the original indictment also dismissed the superceding indictment charges, he avers the trial court's J&C is not a final appealable order. Under his theory of law, the trial court has placed him 'in limbo' to serve a sentence that was never really imposed.

*Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary

---

[2]The docket indicates Judge Lozano granted leave to dismiss the original indictment and terminate the case on September 1, 2000. *See Opara*, No.2:98cr0047 (Doc. No. 234).

-3-

relief from a defendant who is immune from such relief.[3] 28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F. Supp.2d 809 (N.D. Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should *sua sponte* dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction)*; In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

### *Temporary Restraining Order*

Four factors are important in determining whether a temporary restraining order is appropriate: (1) the likelihood of the plaintiffs' success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *Id*. at 1229. In balancing the four considerations applicable to temporary

---

[3]The relevant statute provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

28 U.S.C. § 1915A.

restraining order decisions, the Court finds that Mr. Opara has not established he is entitled to equitable relief.

In his request for injunctive relief, Mr. Opara asks the Court to

> enter a permanent injunction to release the Plaintiff from the illegal imprisonment, and to enter a temporary restraining order against the Federal Bureau of Prisons (BOP) and Correction Corporation of America (CCA) not to designate the Plaintiff to another insitution [sic] until the conclusion of this case, should not restrict him from the inmate general population, and also to allow him the access to law library, legal materials, and legal mail, and finally that all Plaintiff's legal mail should only be opened in his presence as required by institutional policy.

(Doc. No. 1 at 1.) As a threshold matter, there is no likelihood that the complaint will succeed on the merits. The linchpin of Mr. Opara's due process argument is dependant on the faulty premise that the J&C is defective because his conviction was dismised when the original indictment was dismissed. There is no basis in law or fact for this theory.

A "superseding indictment" refers to an indictment issued in the absence of a dismissal of the first. An indictment is only "classified as 'superseding' when it supplants a valid, pending indictment." *United States v. Garcia*, 268 F.3d 407, 410 n. 1(6th Cir. 2001) *(overruled on other grounds by, United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002)). By definition, the term supplant means "to take the place of (someone or something that is old or no longer used or accepted; to supersede." http://www.merriam-webster.com/dictionary/supplants  The underlying premise is that the superseding indictment is considered a separate and distinct charging instrument. *See United States v. Cordova,* Nos. CR–3–97–96(2), CR–3–97–96(3), 1998 WL 1572760, at *4 n. 8 (S.D. Ohio Apr. 28, 2000). There is an expectation that the original indictment will be or is effectively dismissed when the superceding indictment is filed. *See United States v. McKay*, 30 F.3d

1418 (11th Cir. 1994) (filing a superseding indictment has same effect as dismissing the original indictment and filing a new indictment)

Mr. Opara cannot argue his right to due process was violated because a "void J&C" interfered with his ability to "litigate any issue that might have arisen from this case." The facts simply belie his claim. Mr. Opara filed a timely appeal of his conviction as well as a motion to vacate his sentence. Nothing in his complaint explains why the issue he now raises could not have been addressed fourteen years ago. Upon due consideration of the fact that there is no likelihood Mr. Opara's complaint has merit, he is not entitled to injunctive relief. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.1993).

*No Civil Right to Release*

Having failed to state any violation of his Constitutional rights, the Court is left to address Mr. Opara's request for relief. He asks this Court to "enter a permanent injunction to release the Plaintiff from illegal imprisonment." (Doc. No. 1 at 1.) The Supreme Court has consistently held, however, that when a "prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to *immediate release* or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(emphasis added). In other words, a civil complaint is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id.* Accordingly, Mr. OPARA has not stated a civil claim for which this Court can grant relief.

*Conclusion*

Based on the foregoing, the motion for temporary restraining order is DENIED and the Complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 4/23/14*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.